IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent,

                                                                   No. 16-cv-00700-JAP/KRS
v.                                                                   No. 96-cr-00072-JAP

LONNIE WISEMAN,

        Petitioner.

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Petitioner Lonnie Ray Wiseman's First Amended Motion to Vacate Judgment Under 28 U.S.C. § 2255 (CV Doc. 10) (First Amended Motion) filed May 16, 2017. The First Amended Motion has been fully briefed.[1] Because Petitioner's First Amended Motion is a "second or successive" motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit, this Court does not have jurisdiction over Petitioner's claims. In the interest of justice, the Court intends to transfer Petitioner's First Amended Motion to the Tenth Circuit Court of Appeals under 28 U.S.C. § 1631 and in accordance with *In re Cline*, 531 F.3d 1249 (10th Cir. 2008) (per curiam).

### I.    BACKGROUND

A long, convoluted history of Petitioner's efforts to obtain habeas corpus relief preceded Petitioner's filing of his First Amended Motion. The story begins in April of 1997, when a jury convicted Petitioner of six counts of robbery affecting interstate commerce (Counts 1-5 and 7), contrary to 18 U.S.C. § 1951(a), and two counts of use of a firearm during a crime of violence (Counts 6 and 8), contrary to 18 U.S.C. § 924(c)(1). (CR. Docs. 148, 188-89). The penalty for

---

[1] *See* FIRST AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 (CV Doc. 10) (First Amended Motion); UNITED STATES' RESPONSE TO FIRST AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 (CV Doc. 13) (Response); PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO FIRST AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 (CV Doc. 18) (Reply).

robbery affecting interstate commerce is a maximum of twenty years' imprisonment. 18 U.S.C. § 1951(a). Use of a firearm during a crime of violence merits a mandatory consecutive sentence of 10 years' imprisonment if the weapon is a semi-automatic assault weapon and an additional mandatory 25 years for a second or subsequent firearms conviction to run consecutive to both the sentence for the underlying offense and the 10 year sentence for the first firearms offense. 18 U.S.C. § 924(c)(1); *United States v. Brattle*, 289 F.3d 661, 667 (10th Cir. 2002) ("§ 924(c)(1) mandates a consecutive sentence for the use of a firearm in the commission of a violent crime[.]"). The Court sentenced Petitioner to 235 months' imprisonment for each of the six counts of robbery (Counts 1-5 and 7) to run concurrently, 120 months on the first firearms offense (Count 6) to run consecutively to the concurrent sentences for the robbery counts, and 240 months for the second firearms offense (Count 8) to run consecutively to all other counts. (CR Docs. 188-189). Petitioner's total term of federal imprisonment was 595 months. (CR Docs. 188-189). The Court rendered judgment on Defendant's convictions and sentences on September 9, 1997. (CR. Doc. 188). Petitioner appealed his convictions and sentences which were affirmed by the United States Court of Appeals for the Tenth Circuit on April 5, 1999. *See U.S. v. Wiseman*, 172 F.3d 1196, 1220 (10th Cir. 1999) (*Wiseman I*), *abrogated by Rosemond v. U.S.*, __ U.S. __, 134 S. Ct. 1240 (2014).

On October 2, 2000, Petitioner filed in District Court his first motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (D.N.M. First Motion). (CR. Doc. 209). On March 20, 2001, the District Court denied Petitioner's D.N.M. First Motion. (CR Docs. 219-220). Petitioner appealed, and on July 18, 2002 the Tenth Circuit ruled that, because a jury instruction did not support the jury's verdict on Petitioner's first firearm offense under 18 U.S.C. § 924(c)(1) (Count 6), the case should be remanded to the District Court for resentencing as to

2

Count 6. *See U.S. v. Wiseman*, 297 F.3d 975, 982-83 (10th Cir. 2002) (*Wiseman II*). On September 16, 2002, without a hearing, the District Court entered an Amended Judgment reducing Petitioner's sentence on Count 6 to 60 months' imprisonment, with a resulting total new sentence of 535 months' imprisonment. (CR Doc. 222).

During the almost fourteen-year interval from entry of the 2002 Amended Judgment (CR. Doc. 222) to Petitioner's presentment in the Tenth Circuit on June 23, 2016 of his next motion for habeas corpus under § 2255 (COA First Motion), the Supreme Court of the United States issued a line of cases relevant to Petitioner's argument. In 2010 the Supreme Court in *Magwood v. Patterson*, held that under certain circumstances a petitioner's second-in-time petition under 18 U.S.C. § 2254 challenging his new sentence was not a "second or successive" petition requiring federal appellate court permission to file it. 561 U.S. 320, 341-42 (2010). In 2014 the Supreme Court issued a ruling in *Rosemond v. United States*, __ U.S. __ , 134 S. Ct. 1240, 1251 (2014) that abrogated *Wiseman I*. And in 2015, the Supreme Court ruled in *Johnson v. United States*, __ U.S. __ , 135 S. Ct. 2551, 2563 (2015) that certain language in the Armed Career Criminal Act (ACCA) was void for vagueness.

The year 2016 marked the advent of a flurry of new § 2255 activity by Petitioner. On June 23, 2016, Petitioner filed an application in the United States Court of Appeals for the Tenth Circuit requesting permission to file a second or successive § 2255 petition based on the ruling in *Johnson*. *See In re Wiseman*, COA No. 16-2152. To this application Petitioner attached a copy of his proposed § 2255 motion (COA First Motion). The following day, June 24, 2016, Petitioner filed in District Court a § 2255 motion (D.N.M. Second Motion) that was identical to the COA First Motion that he filed the previous day in the Tenth Circuit. Also on June 24, 2016, the Tenth Circuit entered an Order in COA No. 16-2152 that abated Petitioner's application for

authorization to file a second or successive § 2255 motion and with it the attached proposed COA First Motion. (CR Doc. 228).

Next, on October 20, 2016, Petitioner filed in the Tenth Circuit another application requesting permission to file a second or successive petition under § 2255 with an attached proposed § 2255 motion (COA Second Motion) challenging his firearm convictions (Counts 6 and 8) under the *Rosemond* case. *See In re Wiseman,* COA No. 16-2239. On December 29, 2016, in COA No. 16-2239 the Tenth Circuit denied as a second or successive § 2255 motion Petitioner's application to file the COA Second Motion, holding that *Rosemond* did not create a new rule of constitutional law and that the United States Supreme Court had not made it retroactively applicable to cases on collateral review.

Then on February 10, 2017, Petitioner filed in the Tenth Circuit COA No. 16-2152 an unopposed motion to transfer his COA First Motion to the District Court, arguing under *Magwood* that the COA First Motion was not a second or successive § 2255 motion requiring federal appellate permission to file. On February 23, 2017, the Tenth Circuit lifted the Order that had abated COA No. 16-2152 and granted Petitioner's motion to transfer the COA First Motion to the District Court, explicitly expressing no opinion regarding Petitioner's *Magwood* argument. (CR Doc. 233).

On May 15, 2017, Petitioner filed in District Court an Unopposed Motion to Amend Motion to Vacate Judgment Under 28 U.S.C. § 2255 and to Exceed Page Limit requesting leave to file his First Amended Motion.[2] (CV Doc. 8). On May 16, 2017, the District Court entered an Order (CV Doc. 9) allowing Petitioner to file his First Amended Motion (CV Doc. 10) in which he argued that his convictions on Counts 6 and 8 should be vacated based on both *Rosemond* and *Johnson*. In addition, Petitioner contends in the First Amended Motion that under *Weekes v.*

---

[2] The First Amended Motion appears to amend and supersede both COA First Motion and D.N.M. Second Motion.

4

*Fleming*, 301 F.3d 1175 (10th Cir. 2002) he should receive certain credit against his federal sentence. The United States asks the Court to dismiss Petitioner's entire First Amended Motion as an unauthorized second or successive § 2255 motion. In addition, the United States contends that all but Petitioner's *Johnson* claim are time-barred, and maintains that regardless Petitioner is not eligible for relief under *Johnson* because Petitioner's predicate offense, Hobbs Act robbery, is a crime of violence under both the elements clause and the residual clause of 18 U.S.C. § 924(c)(3). (CV Doc. 13).

## II. DISCUSSION

The threshold issue the Court must decide is whether Petitioner's First Amended Motion is "second or successive" under 28 U.S.C. § 2255(h). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) places restrictions on the ability of a petitioner, held pursuant to a federal sentence, to file a second or successive petition for writ of habeas corpus by limiting the grounds for a second petition and requiring the petitioner to obtain authorization from the Court of Appeals before filing it. *See* 28 U.S.C. § 2255(h). The term "second or successive" is a habeas "term of art," *Magwood*, 561 U.S. at 332, and "does not simply refer to every § 2255 motion filed second in time to a previous § 2255 motion," *In re Weathersby,* 717 F.3d 1108, 1110 (10th Cir. 2013). Absent authorization from the Court of Appeals, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

### A. Petitioner's First Amended Motion is an Unauthorized Second or Successive Motion

The parties do not dispute that Petitioner Wiseman first filed a motion to vacate or amend his sentence under 28 U.S.C. § 2255 (D.N.M. First Motion) in 2000, and that Petitioner's present First Amended Motion is second in time to that D.N.M. First Motion. But Petitioner claims that,

according to the Supreme Court's decision in *Magwood*, the First Amended Motion is not "second or successive" at all because it is his first collateral motion attacking the Amended Judgment the District Court entered in 2002. (CV Doc. 18 at 2-4). The Government distinguishes Petitioner's case from *Magwood* and contends that the Amended Judgment that rendered the new sentence does not constitute a new judgment because it was not the result of a complete and new assessment of the evidence, and it left undisturbed seven of the eight counts on which Petitioner was convicted. (CV Doc. 13 at 6-7).

In *Magwood* the petitioner was found guilty of murder and sentenced to death in Alabama state court. 561 U.S. at 324. Following an unsuccessful direct appeal, the petitioner filed a federal habeas petition under 28 U.S.C. § 2254.[3] *Id.* at 325-26. The federal district court upheld the petitioner's conviction, but vacated his death sentence and remanded to the state court for a new sentencing hearing. *Id.* at 326. Following a full resentencing hearing, including a new evidentiary review, the state trial court again imposed the death penalty. *Id.* The petitioner then filed in the federal district court a second § 2254 petition challenging his new death sentence. *Id.* at 328. The federal district court again conditionally granted the writ, but the Court of Appeals for the Eleventh Circuit reversed, determining that the petitioner's motion was "second or successive" because he could have raised the same challenge to his original sentence in his prior § 2254 petition. *Id.* at 329.

The Supreme Court rejected the Eleventh Circuit's interpretation and reversed, holding that the petition was not "second or successive" because it was the "first application" to challenge the "intervening judgment" entered after the second sentencing hearing. *Id.* at 339,

---

[3] The Supreme Court has indicated *Magwood* extends to § 2255 petitions. *See Garza v. United States,* __ U.S. __ , 131 S.Ct. 1469 (2011) (vacating the dismissal of a § 2255 motion and remanding for consideration "in light of *Magwood*"). The Tenth Circuit has also addressed *Magwood* in the context of § 2255 petitions. *See, e.g., U.S. v. McGaughy,* 670 F.3d 1149, 1159 n.7 (10th Cir. 2012); *U.S. v. Ailsworth,* 513 Fed. Appx. 720 (10th Cir. 2013).

6

342. In other words, it was the first petition to challenge the petitioner's new death sentence. *Id.* at 339. To reach this conclusion, the Supreme Court examined the text of the statute and determined that the "text and the relief it provides indicate that the phrase 'second and successive' must be interpreted with respect to the judgment challenged." *Id.* at 332-33. The Supreme Court concluded that where "there is a new judgment intervening between the two habeas petitions,…an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341-42 (internal quotation marks and citation omitted). The Supreme Court expressly left open the question whether, after resentencing, a petitioner would be entitled to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." *Id.* at 342.

The Government cites to *In re Martin*, 398 Fed. Appx. 326, 327 (10th Cir. 2010) and *In re Fogle,* No 12-1252, 2012 U.S. App. LEXIS 26914 (10th Cir. July 3, 2012) to support its position that Petitioner's 2002 Amended Judgment is not a new or intervening judgment because it was not the result of "complete and new assessment of all of the evidence." (CV Doc. 13 at 6-7). But in each of those cases the petitioner's amended judgment simply corrected clerical errors in the sentence, and the Tenth Circuit rejected the argument that an amended judgment entered to correct clerical errors constituted a new judgment under *Magwood. See In re Martin,* 398 Fed. Appx. at 327 (denying the petitioner's motion for authorization to file a second or successive § 2254 petition where "the amended judgment merely corrected a clerical error – one which did not rise to the level of constitutional error");[4] *In re Fogle,* No-1252, 2012 U.S. App. LEXIS

---

[4] Judge Hartz issued a dissenting opinion in *In re Martin* suggesting, as he did in this case regarding Petitioner's application to file a second or successive motion under *Rosemond*, that under *Magwood* Mr. Martin's application should be treated as an original application under § 2254 because it was his first petition challenging his new judgment. 398 Fed. Appx. at 327-28 (Hartz, J., Dissenting). Noting that such interpretation leads to a disturbing result by "provid[ing] frequent filers like Mr. Martin with new opportunities to burden the courts," he stated, "I suspect…that the issue will dog the courts for some time. Ultimately, this is a matter that will likely land in the lap of Congress, and it would seem to deserve prompt attention by the Judicial Conference." *Id.* at 328.

26914 *3-4 (10th Cir. July 3, 2012) (denying the petitioner's motion for authorization to file a second or successive § 2254 petition in part because correction of petitioner's mittimus did not result in a new judgment).

In this case, Petitioner's Amended Judgment was the result of a partially successful § 2255 petition rather than mere correction of a clerical error. The Tenth Circuit determined that the jury was improperly instructed on Count 6, the first of Petitioner's § 924(c) convictions, and remanded the case with instructions to the district court to vacate the sentence on Count 6 and to amend the sentence in accordance with the statute. The Amended Judgment reduced Petitioner's overall sentence by 60 months. An amended judgment under these circumstances constitutes a "new" judgment. *See U.S. v. Ailsworth,* 513 Fed. Appx. 720, 721-23 (10th Cir. 2013) (holding under *Magwood* that it was debatable whether the district court was correct in determining that a petition was an unauthorized second or successive § 2255 motion where the trial court had entered an amended judgment reducing petitioner's term of supervised release following a partially successful § 2255 motion and this was petitioner's first § 2255 petition challenging the amended judgment). This does not end the Court's inquiry because the *Magwood* Court left open the possibility that, if a judgment revises only the sentence and not the underlying conviction, as is the case here, a second challenge to the underlying conviction might come under § 2244(b) or, in this case, § 2255(h). *See Magwood,* 560 U.S. at 342. Here, Petitioner is not claiming error in the new, reduced sentence imposed in 2002. Instead, he is challenging the two underlying and undisturbed § 924(c) convictions – raising the exact question the *Magwood* Court declined to address.

Of the other jurisdictions that have weighed the question the Supreme Court left open in *Magwood*, the overwhelming majority have agreed that when a habeas petition is the first to

challenge a new judgment it is not "second or successive" *even if* it challenges undisturbed parts of the original judgment. These Circuit Courts of Appeals have reasoned that the *Magwood* framework eliminated a claims-based approach and focused on the newness of the judgment where the sentence and conviction form a single "judgment" for habeas review. In light of *Magwood*, these Courts of Appeals have determined that they "must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." *Johnson v. United States,* 623 F.3d 41, 46 (2d Cir. 2010). *See, e.g., In re Gray,* 850 F.3d 139, 143 (4th Cir. 2017); *King v. Morgan,* 807 F.3d 154, 158, 160 (6th Cir. 2015); *Insignares v. Sec'y, Florida Dep't of Corr.,* 755 F.3d 1273, 1281 (11th Cir. 2014); *In re Brown,* 594 Fed. Appx. 726, 729 (3d. Cir. 2014); *Wentzell v. Neven,* 674 F.3d 1124, 1126-28 (9th Cir. 2012); *Johnson,* 623 F.3d at 42, 44. However, case law in the Tenth Circuit dividing criminal judgments for AEDPA purposes dictates a different result here.

In *Prendergast v. Clements,* the Tenth Circuit held that otherwise time-barred "attacks on [an] original conviction are [not] resurrected" by a resentencing. 699 F.3d 1182, 1186 (10th Cir. 2012). In that case, the state trial court resentenced the petitioner after he violated the terms of his probation. *Id.* at 1183. Within a year of resentencing he filed a § 2254 petition presenting five claims. *Id.* Two of his five claims that were related to his resentencing were dismissed for failure to exhaust state remedies. *Id.* at 1184. Petitioner's other three claims attacked the basis of his original conviction. *Id*. The federal district court dismissed these three claims as untimely under 28 U.S.C. § 2244(d)(1). *Id.* On appeal, the petitioner contended that because his challenges based on resentencing were timely - even though these two claims were dismissed - his three challenges to his original conviction were also timely. *Id.* at 1186. The Tenth Circuit rejected this argument because it was persuaded to take the claim-by-claim approach to § 2244(d)(1) that the

9

Third Circuit Court of Appeals had adopted in *Fielder v. Varner*. 379 F.3d 113, 118-120 (3d Cir. 2004) (holding that § 2244(d)(1) should be applied on a claim-by-claim basis first because this approach is consistent with how statutes of limitations are generally applied and second because "a claim-by-claim approach is necessary in order to avoid results that we are confident Congress did not want to produce"). The Tenth Circuit also agreed with the Third Circuit that accepting the petitioner's premise would be contrary to Congress's intentions in AEDPA. *Prendergast*, 699 F.3d at 1186.

In *Burks v. Raemisch*, the Tenth Circuit distinguished *Magwood* and relied on *Prendergast* to conclude that the petitioner's new sentence as a result of the state trial court's *sua sponte* review did not renew the statute of limitations clock under 28 U.S.C. § 2244(d)(1) to permit a challenge to the undisturbed underlying conviction. 680 Fed. Appx. 686, 689-91 (10th Cir. 2017); *see also Carillo v. Zupan,* 626 Fed. Appx. 780, 781-82 (10th Cir. 2015) (holding that the petitioner's habeas petition was untimely because it challenged his conviction rather than his corrected sentence and noting that the *Magwood* Court declined to address the question presently before this Court).

The United States Court of Appeals for the Seventh Circuit has adopted a similar approach to dividing criminal judgments for AEDPA claims. In *Suggs v. U.S.,* the Seventh Circuit refused to extend *Magwood* and held that the petitioner's § 2255 motion filed after resentencing was a second or successive motion because it challenged the underlying conviction rather than alleging errors during the resentencing. 705 F.3d 279, 280-81 (7th Cir. 2013). In so deciding, the Seventh Circuit recognized that its reading of *Magwood* differed from the approach taken by other circuits, but found that *Magwood's* guidance wasn't clear enough for it to depart from Seventh Circuit precedent that was clear on the question. *Id.* at 284-85. The Seventh Circuit

also expressed concern that the broader readings of *Magwood* might "have the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards." *Id.* at 285.

This Court is bound by the Tenth Circuit's claim-by-claim approach to addressing criminal judgments for AEDPA purposes as set forth in *Prendergast*. The Court concludes that Petitioner's First Amended Motion, which challenges his underlying § 924(c) convictions and not his new sentence on Count 6, is an unauthorized second or successive § 2255 motion.

### B. The Court Will Transfer Petitioner's First Amended Motion to the United States Court of Appeals for the Tenth Circuit in the Interest of Justice

A district court may transfer an unauthorized second or successive claim "to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter…for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable.

§ 2255(h)(1)-(2)

If Petitioner's First Amended Motion only contained Petitioner's challenges to his § 924(c) convictions under *Rosemond* or his claim of entitlement to credit against his federal sentence, this Court would conclude that Petitioner's motion lacks merit and would dismiss the First Amended Motion rather than transfer it to the Court of Appeals because neither claim is based on newly discovered evidence or a new rule of constitutional law. In fact, Petitioner's claims seeking relief under *Rosemond* have already been raised and addressed by the Tenth Circuit in COA No. 16-2239 in which it denied the COA Second Motion. However, Petitioner's challenges under *Johnson* to his firearms convictions (Counts 6 and 8) are meritorious under § 2255(h)(2) because in *Johnson* the Supreme Court announced a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch v. United States,* __ U.S. __ , 136 S. Ct. 1257 (2016).[5] Petitioner filed his First Amended Motion within one year of the *Johnson* decision.[6] Dismissal instead of transfer of Petitioner's First Amended Motion might preclude Petitioner from presenting a potentially timely claim in the proper forum. Finally, Petitioner appears to have acted in good faith in seeking the transfer of his petition to this Court given the Supreme Court's decision in *Magwood*. In interest of justice this Court will transfer Petitioner's First Amended Motion to Vacate Judgment Under 28 U.S.C. § 2255 (CV Doc. 10) to

---

[5] The Court does not express an opinion on whether *Johnson*, in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague, *see* 135 S.Ct. at 2557, establishes the right Petitioner now asserts with regards to § 924(c)(3). 28 U.S.C. § 2255(h)(2) requires only that Petitioner's motion be based on a new rule of constitutional law made retroactive to cases on collateral review - which is satisfied here. Any further inquiry regarding timeliness or applicability of *Johnson* to § 924(c)(3) involves the merits of Petitioner's claims which this Court lacks jurisdiction to address absent authorization from the Court of Appeals allowing Petitioner to proceed with a second or successive § 2255 motion.

[6] Petitioner's D.N.M. Second Motion (CV Doc. 1) was filed on June 24, 2016 within one year of the *Johnson* decision. Petitioner's *Johnson* claims in the First Amended Motion relate back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c); *see also United States v. Espinoza-Saenz*, 235 F.3d 501, 505(10th Cir. 2000) (holding that under Rule 15(c) an untimely amendment to a § 2255 motion that clarifies or amplifies a claim or theory in the original motion may, in the court's discretion, relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim).

the United States Court of Appeals for the Tenth Circuit.

### III. CONCLUSION

The Court concludes that Petitioner's FIRST AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 (CV Doc. 10) is a second or successive motion under 28 U.S.C. § 2255(h), and as such the Court lacks subject matter jurisdiction to address the merits of Petitioner's claims. The Court finds under 28 U.S.C. § 1631 that it is in the interest of justice to transfer Petitioner's First Amended Motion to the United States Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that Petitioner's FIRST AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 (CV Doc. 10) be TRANSFERRED to the United States Court of Appeals for the Tenth Circuit.

／s／ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE